

FILED

Jul 16 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Huntington, Indiana

ATTORNEY FOR APPELLEES

Adrian L. Halverstadt III
Huntington, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Alan Van Meter,

*Appellant-Plaintiff,*

v.

Community Development &
Redevelopment, et al.,

*Appellees-Defendants*

July 16, 2020

Court of Appeals Case No.
20A-MI-566

Appeal from the Huntington
Circuit Court

The Honorable Davin G. Smith,
Judge

Trial Court Cause No.
35C01-1910-MI-807

**Altice, Judge.**

**Case Summary**

[1] The City of Huntington and its Department of Community Development and Redevelopment (collectively, the City) administratively pursued an unsafe building enforcement action against real property owned by Alan Van Meter. To stave off demolition of the home and shed on his property, Van Meter filed a complaint against the City seeking judicial review of the administrative action. The trial court dismissed Van Meter's complaint as untimely filed.

[2] We affirm.

## Facts & Procedural History

[3] Van Meter is the owner of a residential property located at 627 Court Street in Huntington, Indiana (the Property), which has fallen into significant disrepair. On August 6, 2019, the City issued to Van Meter an Order of Enforcement (the Order), setting out a list of twenty-nine violations of ordinances and/or building codes that had been discovered upon inspection of the Property. The Order included a detailed list of required corrective measures for the house and the shed on the Property. Additionally, the Order required Van Meter to prepare and present to the City's Building Commissioner a timeline regarding his plan to comply with each and every corrective measure.[1] The Order gave Van Meter until September 5, 2019 to complete the corrective measures and avoid

---

[1] Van Meter was advised in part: "The dates established by you will serve as a guideline for the Board of Public Works and Safety members to consider. If dates are based upon an extended period of time please explain why so much time is required to complete the required work." *Appellant's Appendix Vol. II* at 34. Van Meter never provided such a timeline.

demolition of the structures on the Property. Van Meter received notice that the matter would be heard by the City's Board of Public Works and Safety (the Board) on August 19, 2019, at which Van Meter had a right to be heard.

[4] On August 19, 2019, the Board held a public hearing on, among other things, the Property. Van Meter failed to appear. As outlined in the minutes from the hearing, a neighbor appeared and spoke with the Board regarding concerns with the Property. Additionally, the Board took note, as outlined in the Order, of the "twelve unsafe violations, seventeen minimum housing violations and sixteen corrective measures on the house and two [corrective measures] on the shed" and that "the house was deemed unfit for human habitation." *Appellant's Appendix Vol. II* at 48. The Board unanimously affirmed the Order with a compliance deadline of September 5, 2019, and issued a continuous enforcement order.

[5] On September 3, 2019, the City inspected the Property and found that Van Meter had completed only one of the required eighteen corrective measures and had started one other. At a status hearing held before the Board that same day, Building Commissioner Shad Paul (Commissioner Paul) updated the Board based on the inspection of the Property. Van Meter was also present and requested two weeks to complete the repairs. After hearing the evidence, the Board found that the Property remained unsafe and that Van Meter had willfully failed to comply with the Order. Thus, the Board reaffirmed the Order, along with the September 5, 2019 deadline, and directed Commissioner

Paul to seek demolition proposals to be opened at the Board's regular meeting on September 16, 2019.

[6] Van Meter did not comply with the September 5, 2019 deadline, nor was the work completed by the September 16, 2019 hearing, which Van Meter did not attend despite having notice. Demolition proposals were presented to the Board at that public hearing, and the Board selected Armor Excavating, the lowest bidder. The Board then instructed Commissioner Paul to complete all notifications and direct Amor Excavating to proceed with demolition.

[7] On September 17, 2019, Commissioner Paul mailed a notice of the action taken at the public hearing the day prior and of the pending demolition at the Property by Armor Excavating. The letter advised Van Meter that the contractor may commence work after September 27. Further, on September 25, the water billing manager for the City notified Van Meter by letter that water services at the Property would be disconnected on or after October 7, 2019, in preparation for demolition of the unsafe residence.

[8] At a regular meeting of the Board on October 7, 2019, Van Meter appeared and, during the new business portion of the meeting, asked the Board to stop the planned demolition at his Property. The City attorney advised that the deadline to seek judicial review of the demolition process had passed but that the Board could modify the Order if it wished. The Board voted to uphold the Order and proceed with the demolition.

[9]     On October 8, 2019, Van Meter filed a verified complaint and request for stay of demolition.  Van Meter expressly sought judicial review of the Order pursuant to Ind. Code § 36-7-9-8.  He asserted that the deadline set forth in the Order was "completely unreasonable and unrealistic considering the demands being made by the City of Huntington."  *Appellant's Appendix Vol. II* at 22.  Additionally, Van Meter alleged that he had "already corrected a majority of the issues as required in the Order" and "is confident that he can make the [Property] safe …."  *Id*.  Van Meter asked the trial court to give him "a reasonable time to make the [Property] safe and to complete all requirements of the Order."  *Id*. at 23.

[10]    In its answer, the City noted, among other things, that Van Meter's opportunity to request additional time to complete the corrective measures was at the August 19, 2019 hearing before the Board, which was held pursuant to I.C. § 36-7-9-7.  Along with its answer, the City also filed a motion to dismiss, arguing that Van Meter failed to seek judicial review within the strict ten-day time limit set out in I.C. § 36-7-9-8(b).

[11]    The trial court held a hearing on the City's motion to dismiss on January 17, 2020, at which the facts were not in dispute, only the law.  The court took the matter under advisement and then issued an order of dismissal on February 25, 2020.  The trial court expressly concluded that Van Meter's complaint was required to have been filed within ten days of the August 19, 2019 hearing before the Board.  As the complaint was not filed until October 8, 2019, the

court determined that it was untimely and, therefore, dismissed Van Meter's complaint with prejudice.

## Discussion & Decision

On appeal, Van Meter argues that his appearance before the Board on October 7, 2019 essentially gave him a new ten-day clock because the Board reaffirmed the Order. According to Van Meter, the action taken by the Board at this October hearing constituted an action by the Board under I.C. § 36-7-9-7(d). We cannot agree with Van Meter.

"The law is clear in Indiana that, where a statute sets forth a specific time period for filing an appeal from an administrative decision, one must timely file the appeal in order to invoke the jurisdiction of the court." *Starzenski v. City of Elkhart*, 659 N.E.2d 1132, 1136 (Ind. Ct. App. 1996), *trans. denied*.

In Indiana, "cities and towns have the authority to regulate the use of property to protect the health and safety of their residents." *Id*. at 1140. Relevant here, I.C. Chapter 36-7-9 sets out the procedure for a municipality or county to establish and enforce unsafe building/premises laws. I.C. § 36-7-9-5(a) provides that the enforcement authority, here the City's Department of Community Development and Redevelopment, may issue an order requiring action relative to any unsafe premises, including:

> (1) vacating of an unsafe building;
>
> ****

(5) repair or rehabilitation of an unsafe building to bring it into compliance with standards for building condition or maintenance required for human habitation, occupancy, or use by a statute, a rule adopted under IC 4-22-2, or an ordinance;

(6) demolition and removal of part of an unsafe building;

(7) demolition and removal of an unsafe building if:

>    (A) the general condition of the building warrants removal; or

>    (B) the building continues to require reinspection and additional abatement action after an initial abatement action was taken pursuant to notice and an order; and

****

*Id*. The City issued the Order pursuant to this statutory authority and gave Van Meter thirty days to complete the required corrective measures or face demolition. *See* I.C. § 36-7-9-7(c) ("The order must allow a sufficient time, of at least ten (10) days, but not more than sixty (60) days, from the time when notice of the order is given, to accomplish the required action."). Proper notice was given to Van Meter of the Order, including information regarding the hearing scheduled before the Board.

[15] I.C. § 36-7-9-7(a) requires a hearing before the hearing authority – here, the Board – to be held "relative to each order of the enforcement authority" except for orders issued under sections not applicable here. *Id*.

> The hearing shall be held on a business day no earlier than ten (10) days after notice of the order is given. The hearing authority may, however, take action at the hearing, or before the hearing if a written request is received by the enforcement authority not

later than five (5) days after notice is given, to continue the hearing to a business day not later than fourteen (14) days after the hearing date shown on the order.

I.C. § 36-7-9-7(b). At the hearing, the person to whom the order has been issued may appear and "present evidence, cross-examine opposing witnesses, and present arguments" and "request[] an additional period to accomplish action required by the order," which may be granted by the hearing authority upon a showing of good cause. I.C. § 36-7-9-7(c), (f). In this case, Van Meter did not appear at the August 19, 2019 hearing before the Board, nor did he seek a continuance of the hearing or request additional time to accomplish the actions required by the Order. Thus, the Board considered the Order, as required by statute, without any input from Van Meter.

[16] I.C. § 36-7-9-7(d) provides:

> (d) At the conclusion of any hearing at which a continuance is not granted, the hearing authority may make findings and take action to:
>
> > (1) affirm the order;
> >
> > (2) rescind the order; or
> >
> > (3) modify the order, but unless the person to whom the order was issued, or counsel for that person, is present at the hearing, the hearing authority may modify the order in only a manner that makes its terms less stringent.

The Board made findings and affirmed the Order at the conclusion of the hearing on August 19, 2019, issuing a continuous enforcement order.[2]

[17] Van Meter could have appealed this action by the Board pursuant to I.C. § 36-7-9-8, which provides:

> (a) An action taken by the hearing authority under section 7(d) … is subject to review by the circuit or superior court of the county in which the unsafe premises are located, on request of:
>
>> (1) any person who has a substantial property interest in the unsafe premises; or
>>
>> (2) any person to whom that order or finding was issued.
>
> (b) A person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority. *The complaint must be filed within ten (10) days after the date when the action was taken.*
>
> (c) An appeal under this section is an action de novo. The court may affirm, modify, or reverse the action taken by the hearing authority.

---

[2] "If an order is affirmed or modified, the hearing authority shall issue a continuous enforcement order (as defined in section 2 of this chapter)." I.C. § 36-7-9-7(g). A continuous enforcement order:

> (1) is issued for compliance or abatement and [] remains in full force and effect on a property without further requirements to seek additional:
>> (A) compliance and abatement authority; or
>> (B) orders for the same or similar violations;
> (2) authorizes specific ongoing compliance and enforcement activities if a property requires reinspection or additional periodic abatement;
> (3) can be enforced, including assessment of fees and costs, without the need for additional notice or hearing; and
> (4) authorizes the enforcement authority to assess and collect ongoing costs for continuous enforcement order activities from any party that is subject to the enforcement authority's order.

(Emphasis added.). Van Meter, however, did not seek judicial review within ten days of the Board's affirmance of the Order. And the City never issued a new order modifying the Order or rescinding it. *See* I.C. § 36-7-9-6 (permitting the enforcement authority to issue an order that modifies the order previously issued or rescind an order even if it has been affirmed by the hearing authority).

[18] In sum, the hearing contemplated by I.C. § 36-7-9-7 was held on August 19, 2019, and no continuance of the hearing was sought. The actions by the Board at subsequent hearings in September were in furtherance of the Order –a status hearing and a public hearing for the consideration of demolition bids. Further, Van Meter's impromptu appearance at the October 7, 2019 regular meeting of the Board, essentially on the eve of demolition and more than a month after the deadline in the Order, did not constitute a hearing or action by the Board pursuant to I.C. § 36-7-9-7(d) and did not even result in an order and findings being issued by the Board. The Board's affirmance of the Order was already final at that point, and the Board's cursory reaffirmance of the Order did not give him a new ten-day clock to appeal the Order.

[19] We agree with the trial court that Van Meter had until ten days after the Board's affirmance of the Order on August 19, 2019 to seek judicial review under I.C. § 36-7-9-8. As he did not file until October 8, 2019, his untimely complaint was properly dismissed by the trial court.

[20] Judgment affirmed.

Bailey, J. and Crone, J., concur.